STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 0855

RONNIE M. LYLES

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS

*Judgment Rendered:* **FEB 2 1 2020**

********

Appealed from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Suit No. 680671

Honorable Trudy M. White, Judge Presiding

********

| | |
|---|---|
| Ronnie M. Lyles<br>Angie, Louisiana | Plaintiff/Appellant<br>In Proper Person |
| Jonathan R. Vinning<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Louisiana Department of Public<br>Safety and Corrections |

********

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**Lanier, J.**

Petitioner, Ronnie M. Lyles, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("DPSC"), appeals a judgment affirming DPSC's final agency decision rendered under Disciplinary Board Appeal No. RCC-2018-447, dismissing the claims alleged in his petition for judicial review for failure to raise a substantial right violation. For the following reasons, we affirm.

## DISCUSSION

Lyles was convicted of a Rule #21F (Aggravated Sex Offense) violation, for which he was sentenced to 90 days disciplinary segregation, and a Rule #30D (General Prohibited Behavior) violation, for which he was sentenced to 4 weeks cell confinement. After exhausting his administrative remedies, Lyles filed a petition for judicial review in the Nineteenth Judicial District Court. The matter was then referred to a commissioner for review pursuant to La. R.S. 15:1188.[1] The commissioner recommended that Lyles' claims be dismissed, without prejudice, for failure to raise a "substantial right" violation and thus, for being frivolous and for failing to state a cognizable claim or cause of action for relief. Lyles timely filed a traversal of that recommendation, reiterating his arguments to the court. On April 13, 2019, the district court signed a judgment, affirming DPSC's decision, dismissing, without prejudice, Lyles' petition for failure to raise a substantial right violation and for being frivolous and failing to state a cognizable claim or cause of action for relief. This appeal by Lyles followed.

As noted by the commissioner, the courts may intervene in the decisions of DPSC only in cases where substantial rights of the petitioner have been prejudiced.

---

[1] The offices of commissioner of the Nineteenth Judicial District Court were created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The district judge "may accept, reject, or modify in whole or in part the findings or recommendations made by the commissioner and also may receive further evidence or recommit the matter to the commissioner with instructions." La. R.S. 13:713(C)(5).

2

See La. R.S. 15:1177(A)(9). The penalties imposed herein, *i.e.*, 90 days disciplinary segregation and 4 weeks cell confinement, do not rise to the level of atypical punishment or a dramatic departure from basic prison conditions. See **Sandin v. Conner**, 515 U.S. 472, 485-486, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995). Therefore, modification or reversal of the disciplinary action was not warranted under the law.

After a thorough review of the record, in consideration of Lyles' arguments on appeal, and applying the relevant law and jurisprudence, we find no error of law or abuse of discretion by the district court in adopting, as its own, the commissioner's report. We, therefore, affirm the April 13, 2019 judgment of the district court and find that the district court's reasons for judgment, as set forth in the commissioner's recommendation, adequately explain the decision. All costs associated with this appeal are assessed against petitioner, Ronnie M. Lyles.

**AFFIRMED.**